IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CASE NO. 17-CV-1139

| | |
|---|---|
| CLEAR DEFENSE, L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> CLEARDEFENSE PEST CONTROL OF GREENSBORO, LLC, CLEARDEFENSE PEST CONTROL OF CHARLOTTE, LLC, and CLEARDEFENSE PEST CONTROL OF RALEIGH, LLC, <br><br> Defendants. | COMPLAINT <br><br> JURY TRIAL DEMANDED |

Plaintiff Clear Defense, L.L.C. ("CDL"), through counsel, for its Complaint against ClearDefense Pest Control of Greensboro, LLC, ClearDefense Pest Control of Charlotte, LLC and ClearDefense Pest Control of Raleigh, LLC (collectively, "Defendants") hereby alleges and says the following:

1. This is an action for trademark infringement and related claims. This action arises out of Defendants' unauthorized use and infringement of CDL's trademark CLEARDEFENSE. This is an action for injunctive and monetary relief.

## THE PARTIES

2. CDL is a limited liability company organized under the laws of the State of North Carolina with its principal place of business in Guilford County, North Carolina.

3. ClearDefense Pest Control of Greensboro, LLC is a limited liability company organized under the laws of the State of North Carolina with an office and address at 7341 W. Friendly Ave., Suite H, Greensboro, NC 27410.

4. ClearDefense Pest Control of Charlotte, LLC is a limited liability company organized under the laws of the State of North Carolina with an address at 4324 Barringer Dr., Suite 114, Charlotte, NC 28217.

5. ClearDefense Pest Control of Raleigh, LLC is a limited liability company organized under the laws of the State of North Carolina with an address at 2228 Page Rd., Suite 105, Durham, NC 27703.

## JURISDICTION AND VENUE

6. CDL brings this action for trademark infringement under the trademark laws of the United States, 15 U.S.C. § 1051 *et seq.* This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. §§ 1116 & 1121, among other laws. This Court has also supplemental jurisdiction under 28 U.S.C. § 1367.

7. This Court may exercise personal jurisdiction over Defendants due to the following actions, without limitation: (a) Defendants are limited liability companies organized under the laws of North Carolina, (b) Defendants conduct business in North Carolina, (c) Defendants have offices and/or locations in North Carolina, (d) Defendants promote themselves and promote, offer and render their services in North Carolina under the CLEARDEFENSE, CLEAR DEFENSE, CLEARDEFENSE PEST CONTROL and CLEAR DEFENSE PEST CONTROL marks, and variants; (e) Defendants adopted,

2

infringed and continue infringing a trademark owned by CDL such that it is likely to cause confusion, mistake or deception in North Carolina; (f) Defendants adopted, infringed and continue infringing a trademark owned by CDL to the harm of CDL in North Carolina; and (g) Defendants' actions demonstrate its purposeful availment of the laws of North Carolina.

8. Venue is proper in this District as, without limitation, under 28 U.S.C. § 1391, one or more of the Defendants reside in this District and all defendants are residents of North Carolina, a substantial part of the events giving rise to the claim(s) occurred in this District, Defendants are subject to personal jurisdiction in this District, and one or more Defendants have a regular and established place of business in this District.

**FACTS CONCERNING THE INFRINGEMENTS**

9. CDL is a leading producer of clear films and laminates applied to glass, vehicular glass composites, windows, window panes, windshields, backboards, shields, and plexiglass for security, insulation and protection.

10. CDL was formed in 2000 and was formerly known as Clear Defense Sports & Athletic Laminates, L.L.C. CDL has been continuously using since at least the 2000s CLEARDEFENSE as a trademark for its products and related services, including clear films and laminates applied to glass, vehicular glass composites, windows, window panes, windshields, backboards, shields, and plexiglass for security, insulation and protection.

11. CDL is further the assignee of trademark rights in CLEARDEFENSE with priority from 1990.

12. CDL is the assignee of the CLEARDEFENSE mark, associated goodwill and U.S. trademark registration No. 1656820 for CLEARDEFENSE for "clear film which is applied to window panes for security and insulation purposes" in international class 17, with a first use date recited of May 15, 1990.

13. CDL moved locations within Greensboro, and trademark registration number 1656820 was inadvertently allowed to lapse. Throughout the relevant time periods, CDL continued using its mark CLEARDEFENSE.

14. CDL's rights to its mark CLEARDEFENSE are strong, long-standing and have priority to 1990.

15. CDL's mark CLEARDENSE is inherently distinctive, and in any event, has achieved significant renown – locally, regionally and internationally – and has acquired distinctiveness as a mark and identifier of CDL's products and services.

16. CDL has established significant goodwill and valuable rights in and ownership, including on regional and international bases, of the mark CLEARDEFENSE in connection with its goods and services, including clear films and laminates applied to glass, vehicular glass composites, windows, window panes, windshields, backboards, shields, and plexiglass for security, insulation and protection.

17. As compared to Defendants, CDL's CLEARDEFENSE mark has priority over Defendants.

18. After CDL had established trademark rights in CLEARDEFENSE, Defendants were formed as entities.

19. ClearDefense Pest Control of Raleigh, LLC was organized on January 15, 2013. ClearDefense Pest Control of Charlotte, LLC was organized on February 21, 2014. ClearDefense Pest Control of Greensboro, LLC was organized on February 2, 2017.

20. After CDL had established trademark rights in CLEARDEFENSE, in geographic areas where CDL was using its mark and in which it had established trademark rights, Defendants adopted, used and have continued using, including as a brand or source indicator for its or services, one or more marks which are likely to be confused with CDL's CLEARDEFENSE mark. Defendants' confusingly similar marks include CLEARDEFENSE, CLEAR DEFENSE, CLEARDEFENSE PEST CONTROL, CLEAR DEFENSE PEST CONTROL, and a composite logo with the words CLEARDEFENSE Pest Control (with or without spaces between CLEAR and DEFENSE) (such marks are the "Infringing CLEARDEFENSE Marks"). Examples showing of some of Defendants' uses are attached as Exhibit A

21. ClearDefense Pest Control of Raleigh, LLC is the owner of record of U.S. Trademark Registration No. 4636639 (the "Registration") for a composite of a design and the words CLEARDEFENSE PEST CONTROL. The Registration recites dates of first use and first use in commerce after CDL's priority to and use of its mark. The Registration has a registration date of November 11, 2014.

22. The Registration should be cancelled due to likelihood of confusion between the mark in the Registration and CDL's CLEARDEFENSE mark.

23. ClearDefense Pest Control of Charlotte, LLC is the owner of record of U.S. Trademark Application No. 87446449 (the "Application") for the words CLEAR DEFENSE PEST CONTROL. The Application recites a date of first use after CDL's priority to and use of its mark.

24. The Application should be refused due to likelihood of confusion between the mark in the Application and CDL's CLEARDEFENSE mark. CDL has filed an opposition against the Application with the Trademark Trial and Appeal Board of the United States Patent and Trademark Office.

25. Defendants have been using in commerce in at least North Carolina and another state, and continue currently to use, Infringing CLEARDEFENSE Marks for their pest control and extermination services, including pest control for commercial buildings.

26. The Infringing CLEARDEFENSE Marks are very similar to CDL's mark CLEARDEFENSE. One of Defendants' Infringing CLEARDEFENSE Marks, CLEARDEFENSE, is identical to CDL's mark; another is CDL's mark CLEARDEFENSE with a space; and other of the Infringing CLEARDEFENSE Marks consist of CDL's mark CLEARDEFENSE (with or without a space) as the first portion of followed by descriptive words, either with or without a design.

27. Defendants' depictions of Infringing CLEARDEFENSE Marks include depictions where lettering is outlined, similar to CDL's depiction of its CLEARDEFENSE mark where lettering is outlined.

28. Upon information and belief, the public and companies with whom Defendants and CDL do business have been actually confused as to the source, origin, sponsorship, affiliation or approval of the applicable marks and/or respective goods and/or services. For example, a business with whom a Defendant has done business mistakenly delivered materials to CDL. As another example, at least one business relationship has been confused as to whether CDL has moved into, authorized or otherwise licensed its technology and mark for pest control services.

29. Defendants' pest control and related services are not sufficiently distant from the products offered and services rendered by CDL so as to avoid a likelihood of confusion.

30. CDL's chemical products could be utilized in the provision of pest control services.

31. Defendants have been aware of CDL and CDL's CLEARDEFENSE mark and yet have continued using their infringing marks. A managing member of Defendants communicated with CDL, previously recognized the issue of the confusingly similar marks and even indicated that he had spoken with his business partners and that Defendants would change their mark(s). Yet Defendants have not done so. Instead,

Defendants opened a Greensboro location under the same infringing name. Additional confusion has resulted.

32. Defendants have intentionally capitalized upon a false association with CDL's CLEARDEFENSE mark by adopting one or more marks confusingly similar to CDL's mark, seeking trademark registrations using CDL's mark, and continuing to use CDL's mark or confusingly similar variants thereof, despite promises to change and knowledge of the confusing similarity.

33. Defendants' actions have not been authorized by CDL.

34. Defendants' uses of Infringing CLEARDEFENSE Marks and/or variants have occurred in territories where CDL had and has prior rights, such as and including Greensboro, Raleigh/Durham, Charlotte and North Carolina.

35. Defendants' uses of Infringing CLEARDEFENSE Marks and/or variants thereof are likely to cause confusion, to cause mistake or to deceive, all in violation of the rights of CDL.

36. Upon information and belief, Defendants' uses of Infringing CLEARDEFENSE Marks and/or variants thereof are being done to mislead, deceive, and draw customers to Defendants' services and to create a false suggestion of affiliation or belief of sponsorship with CDL, its products or services and commercial activities.

37. Defendants' conduct has caused immediate and irreparable harm to CDL and CDL's reputation and goodwill and will continue to do so. The damage to CDL's reputation and goodwill, and the confusion among consumers and others, is likely to

continue—and in fact intensify—unless Defendants are enjoined by this Court from use of the Infringing CLEARDEFENSE Marks and/or variants thereof.

38. Defendants' infringements have been committed and continued with actual or constructive knowledge of CDL's rights, and was done intentionally and willfully.

39. CDL is entitled to an accounting of Defendants' relevant revenues and profits.

40. CDL's damages include, without limitation, harm to the recognition and goodwill of its mark, any lost sales and other harm to CDL which may be established at trial, Defendants' relevant profits, the royalty(ies) Defendants otherwise should have paid CDL for the right to use the mark, and the cost of corrective advertising.

41. CDL is entitled to recover its damages due to Defendants' wrongful conduct.

42. Monetary relief alone is inadequate to fully address the irreparable injury that Defendants' actions have caused and will continue to cause CDL if the Court does not enjoin Defendants' wrongful conduct. CDL is, therefore, entitled to injunctive relief to stop Defendants' wrongful actions, including their trademark infringement.

43. CDL's claims are timely filed. Defendants' have engaged in activities infringing and violating CDL's rights within the statute of limitation period(s) and, in fact, Defendants' continue currently to engage in activities infringing and violating CDL's rights. Further, CDL was not aware of any of Defendants' activities in question until late in 2014.

# COUNT I
## (TRADEMARK INFRINGEMENT)

44. CDL repeats and realleges the allegations set forth in Paragraphs 1 through 43, as if fully set forth herein.

45. The actions of Defendants described above constitute trademark infringement in violation of 15 U.S.C. § 1125, *et seq*.

46. CDL has established significant goodwill and valuable rights in and ownership, including on regional and international bases, of the mark CLEARDEFENSE in connection with its goods and services, including clear films and laminates applied to glass, vehicular glass composites, windows, window panes, windshields, backboards, shields, and plexiglass for security, insulation and protection.

47. Defendants' uses of Infringing CLEARDEFENSE Marks and/or variants thereof, in geographic areas where CDL has already used and established rights in its mark, are likely to cause confusion, cause mistake, or deceive as to the affiliation, connection, or association between Defendants and CDL, and as to the origin, sponsorship or approval of Defendants' services or commercial activities.

48. Defendants' actions have caused, and, unless enjoined by this Court, will continue to cause serious and irreparable injury to CDL for which it has no adequate remedy at law.

49. The actions of Defendants described above have also caused damage to CDL for which it should be compensated by Defendants.

50. CDL is entitled to an accounting of Defendants' relevant revenues and profits.

51. CDL's damages include, without limitation, harm to the recognition and goodwill of its mark, any lost sales and other harm to CDL which may be established at trial, Defendants' relevant profits, the royalty(ies) Defendants otherwise should have paid CDL for the right to use the mark, and the cost of corrective advertising.

52. CDL is entitled to recover its damages due to Defendants' wrongful conduct.

53. This is an exceptional case for which CDL should be awarded its reasonable attorneys' fees.

## COUNT II
### (COMMON LAW TRADEMARK INFRINGEMENT)

54. CDL repeats and realleges the allegations set forth in Paragraphs 1 through 53, as if fully set forth herein.

55. The actions of Defendants described above constitute trademark infringement in violation of common law.

56. CDL has established significant goodwill and valuable rights in and ownership, including on regional and international bases, of the mark CLEARDEFENSE in connection with its goods and services, including clear films and laminates applied to glass, vehicular glass composites, windows, window panes, windshields, backboards, shields, and plexiglass for security, insulation and protection.

57. Defendants' uses of Infringing CLEARDEFENSE Marks and/or variants thereof in places where CDL has established rights are likely to cause confusion.

58. Defendants' actions have caused, and, unless enjoined by this Court, will continue to cause serious and irreparable injury to CDL for which it has no adequate remedy at law.

59. The actions of Defendants described above have also caused damage to CDL for which it should be compensated by Defendants.

60. CDL should be awarded its reasonable attorneys' fees as permitted by law.

## COUNT III
## (UNFAIR COMPETITION, PASSING OFF, MISAPPROPRIATION)

61. CDL repeats and realleges the allegations set forth in Paragraphs 1 through 60, as if fully set forth herein.

62. Through the expenditure of considerable time, money and labor, CDL created and has earned value and a commercial advantage due its trademark rights.

63. Defendants' actions described above constitute unfair competition, passing off and misappropriation of CDL's trademark rights.

64. Defendants' actions were committed intentionally and with an intention to deceive the public as to the source, origin or sponsorship of its products and services.

65. The public has been deceived due to Defendants' unfair competition, passing off and misappropriation.

66. Defendants' actions have caused, and, unless enjoined by this Court, will continue to cause serious and irreparable injury to CDL for which it has no adequate remedy at law.

67. The actions of Defendants described above have also caused damage to CDL for which it should be compensated by Defendants.

68. CDL should be awarded its reasonable attorneys' fees as permitted by law.

### COUNT IV
### (UNFAIR OR DECEPTIVE TRADE PRACTICES IN VIOLATION OF N.C. GEN. STAT. § 71-1.1, *et seq.*)

69. CDL repeats and realleges the allegations set forth in Paragraphs 1 through 68, as if fully set forth herein.

70. Defendants' conduct described above constitutes unfair or deceptive trade practices under North Carolina law, including N.C. Gen. Stat. § 75-1.1 *et seq.*

71. The conduct of Defendants was taken in or has been affecting commerce.

72. As a direct and proximate result of Defendants' unfair or deceptive trade practices, CDL has suffered injury, including without limitation damage to CDL's valuable trademark, reputation and goodwill, any lost sales, the absence of the royalty that Defendants otherwise should have paid to CDL for the right to use the mark in question, and the cost of corrective advertising in amounts to be ascertained at trial.

73. As a result of Defendants' unfair or deceptive trade practices, CDL is entitled to an award of its damages, trebling of such damages, costs, interest, and attorneys' fees.

## COUNT V
## (ACCOUNTING)

74. CDL repeats and realleges the allegations set forth in Paragraphs 1 through 73, as if fully set forth herein.

75. CDL is entitled to an accounting of Defendants' revenues, costs and profits concerning all activities constituting a violation of CDL's rights.

76. CDL is further entitled to an award of Defendants' profits ascertained by such an accounting.

## COUNT VI
## (CANCELLATION OF REGISTRATION)

77. CDL repeats and realleges the allegations set forth in Paragraphs 1 through 76, as if fully set forth herein.

78. The Registration should be cancelled due to a likelihood of confusion between the mark set forth in the Registration for the services identified in the Registration and CDL's CLEARDEFENSE mark for its goods and related services.

79. This Court has power to order cancellation of the Registration pursuant to 15 U.S.C. § 1119, and this Court should order the cancellation of the Registration.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, CDL hereby requests a trial by jury of all issues so triable.

14

## **PRAYER FOR RELIEF**

CDL requests that the Court find in its favor and against Defendants, and that the Court grant CDL the following relief:

a.  Judgment that Defendants have infringed CDL's trademark;

b.  Judgment that Defendants are liable for trademark infringement, unfair competition, passing off, misappropriation, and violation of N.C. Gen. Stat. 75-1.1, in violation of CDL's rights;

c.  Judgment that Defendants, and all of their officers, directors, employees, agents and affiliated entities, and all persons in active participation or concert with Defendants, be enjoined from using in any fashion as a mark any Infringing CLEARDEFENSE Marks and/or variants thereof, and from otherwise infringing CDL's marks, from unfairly competing with CDL, from passing off their products or services as those of CDL, and from misappropriating any rights of CDL, including without limitation the surrender and destruction of all signage, marketing, products, flyers and other materials bearing the infringing marks, as well as the take down and cessation of use of the infringing marks on the Internet, Defendants' website, and social media sites;

d.  Order that Defendants provide an accounting of all profits derived from the improper activities complained of herein, and to pay such profits, or the greater sum as this Court deems just and proper, to CDL;

e.  Judgment awarding CDL its compensatory damages, Defendants' profits, or other amounts, trebled and otherwise, as the proofs may show and the law allows;

f. Judgment that this is an exceptional case and award CDL its reasonable attorneys' fees and costs incurred in connection with this action;

g. Order the cancellation of the Registration;

h. Judgment awarding CDL interest and costs; and

i. Judgment granting such other and further relief as the Court may deem just, proper and equitable under the circumstances.

Respectfully submitted, this the 22th day of December, 2017.

/s/   David W. Sar
David W. Sar
North Carolina State Bar No. 23533
Email: dsar@brookspierce.com

BROOKS, PIERCE, McLENDON,
  HUMPHREY & LEONARD, L.L.P.
Post Office Box 26000
Greensboro, North Carolina 27420
Telephone: (336) 373-8850
Fax: (336) 378-1001

*Attorney(s) for Plaintiff*

16

Case 1:17-cv-01139-TDS-JEP   Document 1   Filed 12/22/17   Page 16 of 16